IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMCARA, INC. d/b/a AST WATERJET, Individually, and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| AIR PRODUCTS AND CHEMICALS, INC. | : | NO. 21-2264 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                              March 10, 2022

The Honorable Edward G. Smith ordered Plaintiff CamCara, Inc. ("AST") and Defendant Air Products and Chemicals, Inc. ("Air Products" or "APC") to engage in limited discovery on the lead plaintiff "with the intention that this discovery would demonstrate how the defendant calculated surcharges under its contract with the plaintiff and whether or not the plaintiff had a viable claim." Doc. 57. The current discovery dispute arises because the parties disagree about the breadth of discovery.[1] I held a teleconference with counsel to discuss the current discovery disputes on March 10, 2022.

**I.     Surcharges (RFPs 2, 10, 13, 18, 19, 21, and 38 & Interrogatories 1 & 4)**

The contract between the parties provides that "[s]urcharges may be assessed in order for Seller to recover increases in its production or delivery costs (e.g., increases in the cost of diesel fuel, natural gas and/or electric power, or increases arising out of utility deregulation or change in laws)" Contract, attached to Complaint (Doc. 1-1 at 3) ("the Contract"). The primary discovery dispute involves discovery related to five surcharges

---

[1] Judge Smith referred discovery disputes to the undersigned. Doc. 67.

Defendant charged Plaintiff in May and September 2018, and April, July, and November 2019.  Plaintiff seeks "[a]ll Documents or Communications concerning Surcharges assessed to Plaintiff."  Request for Production of Documents ("RFP"), attached to Plaintiff's letter of February 14, 2022, Request 2.  Defendant takes the position that it has produced documents responsive to this request, specifically PowerPoints (referred to as "justification packages"), which were given to the account managers regarding the surcharges.  Def.'s Letter March 9, 2022, at 5.  Defendant contends that "[t]here is no basis to gather and produce all of the material underlying each of these PowerPoints or all of the emails ever exchanged about these PowerPoints which are not even about AST."  Id.

      During our telephone conference, defense counsel explained that the account manager for the AST account, Diana Naescher, was responsible for the decision whether to impose an authorized surcharge on the AST account.  However, the decision authorizing a surcharge came from higher management.  During Ms. Naescher's deposition, when asked about "the factors that would specifically drive a surcharge decision," Ms. Naescher testified that she did not know the specific factors and that decisions regarding whether to impose a surcharge were based on "communications that I'm not privy to, that are in upper management."  Naescher Dep. at 290-91 (attached to Pl.'s Feb. 14, 2022 letter as Exh. 8).  When asked about the November 12, 2019 surcharge, Ms. Naescher testified that she "received information from management regarding the details around a surcharge."  Id. at 339.

From Ms. Naescher's testimony, I conclude that her testimony and production of PowerPoints used to justify surcharges are insufficient to respond to Plaintiff's question and Judge Smith's Order that the discovery should "demonstrate how the defendant calculated surcharges under its contract with the plaintiff." Doc. 57. Although Defendant argues that this broadens the scope of discovery beyond AST, such discovery is necessary to determine how the surcharges imposed on Plaintiff were calculated. Therefore, Defendant shall produce all communications between Ms. Naescher and upper management regarding the calculation and adoption of the surcharges that were imposed on AST. Defendant shall also provide the records and communications, among management above the level of Ms. Naescher, underpinning the information contained in the PowerPoints, limited to the authorization for the five surcharges at issue.[2] Additionally, I direct Defendant to produce an unredacted copy of the PowerPoint discussed during our telephonic conference.

---

[2] Resolution of RFP 2 actually resolves a number of other disputes involving RFPs and Interrogatories.  See RFP 10 (seeking information regarding increases in production and delivery costs) (Defendant also said they would be producing documents regarding delivery costs, I denied Plaintiff's request for liquid nitrogen production costs), RFP 13 (documents concerning how employees should answer questions/disputes regarding surcharges), RFP 18 (documents concerning financial analysis of the revenue or net income generated by surcharges), RFP 19 (documents concerning the setting of financial goals or targets for surcharges), RFP 21 (documents concerning justification packages), RFP 38 (documents concerning surcharge increases), Interrog. 1 (identify employees who had a role in establishing/collecting surcharges), Interrog. 4 (identify employees involved in decision regarding five surcharges imposed on Plaintiff).

## II.     Compensation (RFPs 16 & 22, Interrogatory 6)

Another area of inquiry to which Defendant objected involved compensation of employees. In RFPs 16, 22, and Interrogatory 6, Plaintiff sought information regarding the utilization of surcharge revenue in compensation including Sales and Management Incentive Plans. These inquiries can be resolved by AST answering the following Interrogatory: "Was Ms. Naescher's compensation, including bonuses and/or incentives, based in any way or part on surcharges or surcharge revenue. If so, how."

## III.    Remaining Disputes (RFPs 1, 8, 14, 15, 35 & 36)

Plaintiff's counsel indicated that they were not proceeding with RFP 1. Defense counsel stated that Defendant has produced the printout of data relating to AST from the SAP system and the MCAT systems sought in RFP 8. No further production is required. With respect to RFP 14, Defendant shall provide a list of the search terms and all servers/custodians of information that were searched for documents responsive to Plaintiff's RFPs. I sustain Defendant's objection to RFP 15 seeking "[a]ll Documents concerning the legality, propriety, or contractual ability of APC to assess Surcharges." Finally, defense counsel indicated that Defendant will produce additional emails related to the delivery/removal costs relevant to Plaintiff's claim, as well as additional data regarding Defendant's charges relating to its equipment on AST's premises. (RFPs 35 & 36).

## IV.    Additional Depositions

The parties are directed to confer regarding any request for depositions that arise following production in compliance with this Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMCARA, INC. d/b/a AST WATERJET, Individually, and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| AIR PRODUCTS AND CHEMICALS, INC. | : | NO. 21-2264 |

## **O R D E R**

AND NOW, this 10th day of March, 2022, upon consideration of the discovery dispute outlined in Plaintiff's letter of February 14, 2022, and Defendant's responsive letter dated March 9, 2022, and after holding a telephonic conference with counsel, IT IS HEREBY ORDERED that:

1. Defendant shall produce an unredacted copy of the PowerPoint discussed during our telephone conference.

2. Defendant shall produce all communications between Ms. Naescher and upper management regarding the calculation and adoption of the surcharges that were imposed on AST.

3. Defendant shall provide the records and communications, among management above the level of Ms. Naescher, underpinning the information contained in the Power Points, limited to the authorization for the five surcharges at issue.

4. Defendant shall answer the following Interrogatory: "Was Ms. Naescher's compensation, including bonuses and/or incentives, based in any way or part on surcharges or surcharge revenue. If so, how."

5. No further production is required regarding the SAP system.

6. Defendant shall provide a list of the search terms and all servers/custodians of information that were searched for documents responsive to Plaintiff's Requests for Production of Documents.

7.    Defendant's objection to Request for Production 15 is SUSTAINED.

BY THE COURT:

/s/ Elizabeth T. Hey

_____

ELIZABETH T. HEY, U.S.M.J.