IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CAMCARA, INC., d/b/a AST Manufacturing, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>AIR PRODUCTS AND CHEMICALS, INC.,<br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Civil No. 5:21-cv-02264-JLS |

_____

**ORDER GRANTING PRELIMINARY
<u>APPROVAL OF CLASS ACTION SETTLEMENT</u>**

      This matter is before the Court on the unopposed Motion for Preliminary Approval of Settlement filed by Plaintiff CamCara, Inc. (d/b/a AST Manufacturing) ("Named Plaintiff") seeking approval under Federal Rule of Civil Procedure 23(e) of a class action settlement between Named Plaintiff, on its own behalf and on behalf of the proposed settlement class (collectively "Plaintiffs"), and Defendant Air Products and Chemicals, Inc. ("Defendant").

      After reviewing the Settlement Agreement, including Exhibits A to C attached thereto, the Motion for Preliminary Approval of Settlement, and the memorandum in support,

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

      1.     Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

      2.     The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

      3.     This Court finds that it has jurisdiction over the subject matter of this Lawsuit and

over all parties to the Lawsuit.

    4.    **Settlement Class:** The Court finds for settlement purposes only that the Federal Rule of Civil Procedure Rule 23 factors are present and that preliminary certification of the proposed Settlement Class, as set forth below, is appropriate under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(3). The "Settlement Class" is defined as:

> All current and former Air Products' customers with Ship-To Locations in the United States who, between June 1, 2018 and August 31, 2020, inclusive, incurred two or more increases to the Product-Surcharge Rate assessed by Air Products at any given Ship-To Location.

Specifically, the Court preliminarily finds for settlement purposes only that the Settlement Class described above satisfies the following factors of Fed. R. Civ. P. 23(a) and 23(b)(3):

    a)    the members of the Settlement Class are so numerous that their joinder in the Lawsuit would be impracticable;

    b)    there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions;

    c)    Named Plaintiff's claims in the Lawsuit are typical of the claims of the Settlement Class;

    d)    Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

    e)    a class action is superior to other available methods for fairly and efficiently adjudicating the Lawsuit.

    5.    **Preliminary Approval of the Settlement and Plan of Allocation:** The Court preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below. The Court finds that:

      a)      the proposed Settlement resulted from extensive arm's-length negotiations with the assistance of an experienced mediator;

      b)      the proposed Settlement was concluded only after counsel for all Parties had conducted extensive and thorough discovery over the course of three years; and

      c)      Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and

      d)      the terms of the proposed Settlement as evidenced by the Agreement are sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class in the form attached as Exhibit B to the Agreement.

6. The Court further finds that the Plan of Allocation proposed by the Class Representative and Class Counsel is preliminarily fair, reasonable, and adequate. The Plan of Allocation provides for a *pro rata* distribution of the Net Settlement Amount based on each Class Member's proportional share of Qualifying Surcharges (defined as product surcharges attributable to increases in the Product-Surcharge Rate beyond the first increase at each Ship-To Location during the Class Period), with a minimum payment of ten dollars ($10.00) for any Settlement Class Member whose Total Qualifying Surcharges exceed zero. The Court finds that this methodology reasonably reflects the alleged economic harm suffered by Settlement Class Members and is preliminarily approved, subject to further consideration at the Final Approval Hearing.

7. The Notice attached to the Settlement Agreement as Exhibit B, is approved, subject to any amendment required to conform it to this Order. The Court finds that this document adequately advises Class Members of their rights under the terms of the Settlement and therefore meets the requirements of due process and of the Federal Rules of Civil Procedure.

8. The Court finds and determines that (a) mailing the Notice and (b) posting the Notice on the Settlement Website constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notice to all persons entitled to receive such Notice, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

9. For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiff AST Manufacturing as Class Representative.

10. For purposes of the proposed Settlement only, the Court preliminarily appoints William H. Narwold, Mathew P. Jasinski, Jessica C. Colombo, and Michael J. Quirk of Motley Rice LLC as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representative with respect to the Settlement.

11. The Court appoints the firm of RG/2 Claims Administration LLC as Settlement Administrator, to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

12. The Settlement Administrator or its designee shall maintain a Qualified Settlement Fund as Escrow Agent in accordance with Treasury Regulation § 1.468B-1. All funds deposited into the Qualified Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are paid for Administrative Expenses; Attorneys' Fees and Plaintiffs' Expenses, and a Service Award as authorized by the Court; and distributed to Class Members pursuant to the Settlement Agreement or further order of the Court.

13. Within fourteen (14) days after the entry of this Order, Defendant shall produce to the Settlement Administrator a list from its records that includes each Class Member's name and

billing address(es); each Class Member's Ship-To Location(s) that incurred two or more Product-Surcharge Rate increases during the Class Period; and the dollar amounts of product surcharges attributable to each such increase.

14. Within thirty (30) days after the entry of this Order, (i) the Settlement Administrator will mail to Class Members the Settlement Notice attached to the Settlement Agreement as Exhibit B; and (ii) the Claims Administrator will publish a website on the internet in a format approved by Class Counsel and Defendant's counsel that provides links to the Settlement Notice, Settlement Agreement, and other court documents.

15. Prior to the Final Approval Hearing, in connection with the motion for entry of the Final Approval Order, Class Counsel shall file and serve on Defense Counsel a declaration from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

16. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. No Class Member may both opt-out of the Settlement and object to the Settlement; a Class Member must decide whether to opt-out of the Settlement or to object.

17. Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than the business day on, or the next one after, ninety (90) days after the entry of this Order (the "Objection/Exclusion Deadline").

18. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Notice shall have no rights under the Settlement, shall not share in the

distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Lawsuit. Conversely, any Class Member who does not opt out in the time and manner provided above will be deemed to have waived its right to opt out and will be bound by the terms of the Agreement.

19. No less than 120 days from the date of this Order, this Court will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, Courtroom 5, 201 Penn Street, Reading, PA 19601, at 11:00 a.m. on March 12, 2026 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Lawsuit should be dismissed with prejudice, pursuant to the terms of the Agreement; (c) whether the Class Members should be bound by the release of the Settled Claims set forth in Section 3.6.1 of the Agreement; (d) whether the Plan of Allocation should be approved as fair, reasonable, and adequate to the Settlement Class; (e) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Plaintiffs' Expenses; (f) whether to approve the payment of a Service Award to the Class Representative; (g) whether the proposed Final Approval Order should be entered; and (h) any other matters that may properly be brought before the Court in connection with the Settlement.

20. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

21.     Any Settlement Class Member who has not timely opted out of the Settlement may enter an appearance in the Lawsuit, at its own expense, through counsel of its own choice. If a Settlement Class Member does not enter an appearance, it will be represented by Class Counsel.

22.     Any Class Member who has not timely opted out of the Settlement may object to the Settlement, the Plan of Allocation, the application of Class Counsel for an award of Attorneys' Fees and Plaintiffs' Expenses, or the payment of a Service Award to the Class Representative and may appear at the Final Approval Hearing. Class Members who wish to object to the Settlement or to Class Counsel's application for Attorneys' Fees and Plaintiffs' Expenses, or to the Service Award must file with the Court and serve on the Parties' counsel all written objections and a written notice of any intention to appear at the Fairness Hearing. Such written objections and notice must be filed with the Court by the Objection/Exclusion Deadline and served on counsel for the Parties by mail postmarked on or before the Objection/Exclusion Deadline. Class Members who fail to file and to serve timely written objections and notices of intention to appear in the manner specified above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and the requests for Attorneys' Fees, Plaintiffs' Expenses, and the Service Award.

23.     All written objections must: (a) affirm that the person objecting is a Class Member; (b) include the name, address, email, and telephone number of the Class Member objecting; (c) be signed by an authorized agent of objecting Class Member; (d) contain a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including

copies of any documents relied upon); (e) include a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) be otherwise in the form and manner required by the Notice.

24. If a Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Amount.

25. Class Representative and Class Counsel will file and serve upon Defense Counsel all papers in support of their motion for an award of Attorneys' Fees and Plaintiffs' Expenses at least thirty (30) days before the Objection/Exclusion Deadline.

26. Class Representative and Class Counsel will file and serve upon Defense Counsel all papers in support of their motion for entry of the Final Approval Order at least seven (7) days before the Final Settlement Hearing.

27. This Order will become null and void, and will be without prejudice to the rights of the Parties, all of whom are restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective under the terms of the Agreement for any other reason. In such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and all negotiations, proceedings, documents prepared, and statements made in connection therewith will be without prejudice to the Parties; will not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law; and shall not be used in any manner for any purpose; and all parties to the Lawsuit will stand in the same position as if the Agreement had not been

negotiated, made, or filed with the Court; and this Order will not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor will the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs that their claims lack merit or that the relief requested in the Lawsuit is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

28.     Pursuant to Section 3.10.1 of the Settlement Agreement, this case shall remain stayed until one of the following events occurs: (1) the Final Settlement Date as defined in Section 2.18. of the Settlement Agreement; or (2) either Party voids the Settlement pursuant to Section 3.2.5.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2025.

/s/ *Jeffrey L. Schmehl*
Hon. Jeffrey L. Schmehl
United States District Judge